UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL ARMSTRONG,          CASE NO.:

    Plaintiff,

vs.

AC SWEEPERS AND
MAINTENANCE, INC., A
GEORGIA CORPORATION,
AND LATASHA CRENSHAW,
INDIVIDUALLY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL ARMSTRONG, by and through the undersigned attorney, sues the Defendants, AC SWEEPERS AND MAINTENANCE, INC., a Georgia Corporation, and LATASHA CRENSHAW, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §

216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff was a day rate paid employee working as a street sweeper driver for Defendants.

3. Plaintiff worked for Defendants from approximately May 2015 to February 2015.

4. Defendant, AC SWEEPERS AND MAINTENANCE, INC., is a Georgia Corporation that operates and conducts business in, among other locations, Cobb County, Georgia and is therefore within the jurisdiction of this Court.

5. At all times relevant to this action, LATASHA CRENSHAW was an individual resident of the State of Georgia, who owned and operated AC SWEEPERS AND MAINTENANCE, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of AC SWEEPERS AND MAINTENANCE, INC. By virtue of having regularly exercised that authority on behalf of AC SWEEPERS AND MAINTENANCE, INC., LATASHA CRENSHAW is an

employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, AC SWEEPERS AND MAINTENANCE, INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendant, Defendant, AC SWEEPERS AND MAINTENANCE, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were street sweepers, brushes, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant, AC SWEEPERS AND MAINTENANCE, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12. At all times relevant to this action, Defendants failed to comply with the FLSA by only paying a day rate to Plaintiff without paying him additional overtime compensation for overtime hours worked.

13. Pursuant to the FLSA, day rate paid employees are entitled to overtime compensation for overtime hours worked. *See* 29 C.F.R. § 778.112.

14. During his employment with Defendants, Plaintiff routinely worked overtime hours on a weekly basis.

15. However, even though Plaintiff worked overtime hours, he was not paid any overtime compensation whatsoever from Defendants.

16. Regardless of the number of hours he worked, Plaintiff only received his day rate pay for his work performed.

17. Such a practice violates the FLSA as day rate employees such as Plaintiff are entitled to overtime compensation for overtime hours

worked.

18.	Upon information and belief, the records, to the extent any exist and are accurate, concerning the amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19.	Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20.	Plaintiff was to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

21.	During his employment with Defendants, Plaintiff worked overtime hours but was not paid any overtime compensation in addition to his day rate earned.  *See* ¶¶ 12-17.

22.	Defendants did not have a good faith basis for their decision to pay Plaintiff a day rate without overtime compensation for overtime hours worked.

23.	As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff proper overtime compensation for his overtime hours worked, Plaintiff has suffered damages plus incurring

reasonable attorneys' fees and costs.

24. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MICHAEL ARMSTRONG, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 21st day of May, 2015.

/s/C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile:  (407) 245-3401
Email:      RMorgan@forthepeople.com
*Attorneys for Plaintiff*